UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CLARENCE DICKENS,<br><br>    Plaintiff,<br><br>v.<br><br>Warden JOHN KING, MARK THIELEN,<br>MARK UNER, MARY STAHL-SWANSON,<br>and MARGARET THRON,<br><br>    Defendants. | Civil No. 09-2425 (JMR/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's Amended "Application To Proceed Without Prepayment of Fees," (Docket No. 5), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's application to proceed IFP be denied, and that this action be summarily dismissed without prejudice.

Plaintiff, a state prison inmate, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) He did not pay the $350.00 filing fee required by 28 U.S.C. § 1914, but instead filed his first application seeking leave to proceed IFP. (Docket No. 2.) The Court noted, however, that (i) Plaintiff's first IFP application was incomplete, because it did not include the certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff had not paid the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1). Both of

Plaintiff's omissions were called to his attention by this Court's order of September 14, 2009. (Docket No. 4.) That order gave Plaintiff thirty (30) days to cure the two defects in his original request for IFP status by submitting both (a) a new IFP application that would include the requisite certified trust account information, and (b) the initial partial filing fee prescribed by § 1915(b)(1). The order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements within the time allowed.[1]

The deadline for satisfying the requirements of the Court's prior order has now expired. On September 24, 2009, Plaintiff filed the Amended IFP Application that is now before the Court, (Docket No. 5), and that application does include at least some of the trust account information required by § 1915(a)(2).[2] To date, however, Plaintiff has not satisfied the second requirement of the Court's prior order, as he has not tendered the initial partial filing fee prescribed by § 1915(b)(1).[3] Plaintiff has not offered any explanation

---

[1] The Court's prior order stated: "Plaintiff will be required to submit both a new IFP application, and his initial partial filing fee, within 30 days after the date of this order. If he fails to do so, it will be recommended that the action be dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b)." (Order dated September 14, 2009, [Docket No. 4], pp. 3-4, [emphasis in the original order].)

[2] Plaintiff did not submit his amended IFP application on the court-approved form, as directed by the Court's prior order. Although Plaintiff's amended IFP application does include some trust account information, that information appears to be incomplete, as it does not include any entries for the month of June 2009.

[3] According to the limited trust account information submitted with Plaintiff's Amended IFP application, (see n. 2, supra), it appears that he deposited a total of $1225.89 into his trust account during the preceding six months, which is an average of $204.32 per month. Plaintiff's average monthly balance during the preceding six months is unclear, but it appears that the average monthly deposit probably exceeded the average monthly balance. Therefore, based on the limited information that Plaintiff has provided, it appears that his initial partial filing fee would be $40.86, ($204.32 x 20% = $40.86).

2

for his failure to pay the fee required by statute, and by this Court's prior order. Thus, the Court finds that Plaintiff has failed to comply with the requirements set forth in the prior order within the time allowed.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with both of the requirements of the prior order, it is now recommended that this action be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed for the reasons discussed above, the Court will further recommend that Plaintiff's pending motion for appointment of counsel, (Docket No. 3), be summarily denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket Nos. 2 and 5), be **DENIED**;

2. Plaintiff's motion for appointment of counsel, (Docket No. 3), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: October  27, 2009

                                              s/ *Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 10, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.